IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LAURIE CHAVEZ,**

    **Plaintiff,**

**v.**                                                                                                                **No. 18-cv-1136 SMV**

**ANDREW SAUL,**[1]
**Commissioner of the Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and/or Remand [Doc. 21], filed on July 3, 2019. The Commissioner responded on August 30, 2019. [Doc. 26]. Plaintiff replied on September 13, 2019. [Doc. 27]. The parties have consented to my entering final judgment in this case. [Doc. 11]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Appeals Council erred in failing to consider the letters of Dr. Hninn and Dr. Kuny. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four) (2018).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

---

[1] Andrew Saul is the current Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (2018); *see* 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920 (2012). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." §§ 404.1520(a)(4)(i)–(iv), 416.920(a)(4)(i)–(iv); *see Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## **Procedural Background**

Plaintiff applied for a period of disability and disability insurance benefits on March 17, 2015. Tr. 26. She alleged a disability-onset date of March 31, 2014. *Id.* Her claims were denied initially and on reconsideration. *Id.* Administrative Law Judge ("ALJ") Eric Weiss held a hearing on September 7, 2017, in Albuquerque, New Mexico. Tr. 26, 49. Plaintiff appeared in person

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

2

with her attorney. Tr. 26, 51. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Mary Weber, who testified via telephone. Tr. 26, 75–81.

The ALJ issued his unfavorable decision on February 23, 2018. Tr. 41. He found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019. Tr. 28. At step one, he found that Plaintiff had not engaged in substantial gainful activity since March 31, 2014, her alleged onset date. *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity, asthma, right shoulder bursitis and acromioclavicular joint arthritis, obstructive sleep apnea, lumbar spondylosis and facet joint syndrome with radiculopathy, somatization disorder, post-traumatic stress disorder ("PTSD"), and major depressive disorder. *Id.* The ALJ also found that Plaintiff's gastroesophageal reflux disease, hypertension, vocal cord dysfunction, mild osteoarthritis of the right hip, partial medial meniscus tears, and headaches were not severe. Tr. 29. Finally, the ALJ found that Plaintiff had failed to establish fibromyalgia as a medically determinable impairment. Tr. 29–30.

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 30–33. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 33–39. The ALJ found that Plaintiff

> has the [RFC] to perform sedentary work as defined in [20 C.F.R. §§] 404.1567(a) and 416.967(a) except [Plaintiff] is able to occasionally climb ramps and stairs, but can never climb ladders, ropes[,] and scaffolds. [Plaintiff] is able to occasionally balance, stoop, crouch, kneel[,] and crawl and can frequently reach with bilateral upper extremities. [Plaintiff] must avoid more than occasional exposure to unprotected heights and dangerous moving machinery and must avoid more than occasional exposure to pulmonary irritants such as dust, fumes, odors[,] and gases. [Plaintiff] is able to understand, remember[,] and carry out simple instructions and make commensurate work[-]related decisions in a work setting with few, if any,

3

> changes. [Plaintiff] is able to occasionally interact with supervisors, co-workers[,] and the public and is able to maintain concentration, persistence[,] and pace for two hours at a time during the workday with normal breaks.

Tr. 33.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work as an overnight stocker or material clerk. Tr. 39–40. Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 40–41. He found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. *Id.*

After the ALJ issued his unfavorable decision on February 23, 2018, Plaintiff obtained letters from two treating physicians dated February 26 and April 2, 2018 (three days and 38 days after the ALJ's decision, respectively) opining that Plaintiff was, essentially, disabled. Tr. 8, 22. She provided these letters and other evidence to the Appeals Council and asked that the evidence be considered. Tr. 2. The Appeals Council determined that the letters "[did] not show a reasonable probability that [they] would [have] change[d] the outcome of the [ALJ's] decision." *Id.* The Appeals Council did not exhibit any of the new evidence and, ultimately, denied Plaintiff's request for review on November 9, 2018. Tr. 1–5. Plaintiff timely filed the instant action on December 5, 2018. [Doc. 1].

## **Discussion**

Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). Additional evidence should be considered only if it is new, material, and chronologically pertinent. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5) (2017). Evidence is new "if it is not duplicative or cumulative"

and material "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191 (interpreting an older version of the regulation). Evidence is chronologically pertinent if it relates to the time period adjudicated by the ALJ, which would be on or before the date of the ALJ's decision. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). After *Threet* was decided, the regulations were updated to require that "there [be] a reasonable *probability* that the additional evidence would change the outcome of the decision." §§ 404.970(a)(5), 416.1470(a)(5) (emphasis added). This requirement heightens the claimant's burden to prove materiality: whereas the previous test required merely a reasonable *possibility* of changing the outcome, now it requires a reasonable *probability* of changing the outcome.[3] *See Hawks v. Berryhill*, No. 1:17CV1021, 2018 WL 6728037, at *4 & n.5 (M.D.N.C. Dec. 21, 2018).

If the Appeals Council fails to consider qualifying new evidence, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence. *Threet*, 353 F.3d at 1191. However, if the evidence submitted to the Appeals Council does not qualify, then the Appeals Council does not consider it, and it "plays no role in judicial review."[4] *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011).

---

[3] Though the current versions of §§ 404.970(b) and 416.1470(b) require a claimant to show good cause for her failure to present this new evidence earlier, the Appeals Council did not exclude the letters on the ground that Plaintiff lacked good cause, nor does the Commissioner argue that Plaintiff lacked good cause. *See* Tr. 2; [Doc. 26] at 6–11.

[4] If the Appeals Council does consider qualifying new evidence, that new evidence becomes part of the record, and a reviewing court reviews the ALJ's decision considering that new evidence even though it was not before the ALJ. *Vallejo v. Berryhill*, 849 F.3d 951, 956 (10th Cir. 2017); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). Defendant argues that this Court's "only option" is to conduct a substantial-evidence and legal-error review of the ALJ's decision, taking into account the entire record, which would include Dr. Hninn's and Dr. Kuny's letters. [Doc. 26] at 7 (quoting *Vallejo*, 849 F.3d at 956). Defendant would be correct, if the Appeals Council had considered the letters. But it did not. In this case, the Appeals Council found that the letters did not qualify for consideration at all. This is evident in two ways. First, the Appeals Council found that the letters "d[id] not show a reasonable probability" of changing the outcome. Tr. 2. Because "reasonable probability of changing the outcome" is a predicate requirement for consideration, §§ 404.970(a)(5), 416.1470(a)(5), 404.979 (2017), 416.1479 (2017), the Appeals Council could not have considered the letters after determining that they did not show a reasonable probability of changing the outcome.

Plaintiff argues that the Appeals Council did not consider the letters from her treating physicians, Dr. Hninn and Dr. Kuny, even though they were new, material, chronologically pertinent, and would have probably changed the ALJ's decision that she was not disabled. [Doc. 21] at 23–24. Accordingly, Plaintiff asks the Court to remand the case to allow the Appeals Council to consider the letters. *Id.* The Court agrees.

### Dr. Hninn's and Dr. Kuny's letters

Wut Yi Hninn, M.D., is Plaintiff's primary care physician. Dr. Hninn's letter is dated February 26, 2018. Tr. 22. It reads, "Laurie Chavez was seen in my office on 2/26/2018. She is not able to work due to multiple comorbidities. If you have any further questions, please feel free to contact me." *Id.*

Ana V. Kuny, Ph.D., is Plaintiff's treating psychologist. Dr. Kuny's letter is dated April 2, 2018. Tr. 8. The letter is addressed to Plaintiff and reads:

> This letter is being written at your request to document your current diagnoses and progress. I have seen you in the context of addressing mental health issues within the primary care setting approximately one time per month for the past two years: [1/2016 to 4/2018]. I have diagnosed you with chronic Posttraumatic Stress Disorder and Major Depressive Disorder. You have at times shown evidence of some minor improvement in symptoms, however, over the past two years, symptoms have remained debilitating, chronic, and stable in severity with little overall improvement. If you have any further questions, please feel free to contact me.

*Id.* (brackets in original).

---

*See Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013) (applying the same analysis to determine whether the Appeals Council had considered new evidence). Second, the Appeals Council did not exhibit the evidence. Tr. 8, 22. Accordingly, the task for this Court is to determine whether the Appeals Council erred in finding that the letters did not qualify for consideration.

### 1. The letters are new evidence.

Neither party disputes that the letters are new. Because Plaintiff did not present them to the ALJ, and because they are not duplicative or cumulative of the evidence already in the record, the letters qualify as new.

### 2. The letters are material.

The letters were authored by two different treating sources. Tr. 8, 22. Supporting medical records from each source are present in the record. *See, e.g.*, Tr. 36 (ALJ's discussing Dr. Hninn's records), 38 (ALJ's discussing Dr. Kuny's records). Both doctors arrive at similar conclusions. Dr. Hninn is of the mind that Plaintiff is "not able to work," Tr. 22, and Dr. Kuny, that "over the past two years, [Plaintiff's] symptoms have remained debilitating, chronic, and stable in severity with little overall improvement," Tr. 8. The Court appreciates that the ultimate question of disability is reserved to the Commissioner and is entitled to no "special significance." 20 C.F.R. §§ 404.1527(d), 416.927(d) (2017). Nevertheless, both letters are consistent with each other—and consistent with Dr. Hughson's statement that Plaintiff is "probably unemployable." Tr. 1032.

Furthermore, the ALJ made explicit note of the absence of any indication from a treating provider that Plaintiff was disabled. Tr. 34. He found it "significant" that Plaintiff had not submitted any "medical source statement supporting her claim of total disability." *Id.* The letters support her claim of total disability—from a physical perspective and, independently, from a psychiatric perspective. *Id.* These letters have a reasonable probability of triggering a different outcome and, thus, are material. *See id.*

### 3. The letters are chronologically pertinent.

The letters relate to the time period adjudicated by the ALJ, i.e., the time before the ALJ issued his decision on February 23, 2018. *See Chambers*, 389 F.3d at 1142 (explaining chronological pertinence). Dr. Hninn's letter is dated February 26, 2018, three days after the ALJ's decision. Tr. 22. Dr. Kuny's letter was dated April 2, 2018, 38 days after the ALJ's decision. Tr. 8. Both letters were dated shortly after the ALJ issued his decision. Both doctors treated Plaintiff during the adjudication period as evidenced by their treatment records, which were before the ALJ. There is no indication in either letter that any new ailment or circumstance arose after the ALJ's decision. For these reasons, the Court finds both letters to be chronologically pertinent.

### Conclusion

Dr. Hninn's and Dr. Kuny's letters are new, material, and chronologically pertinent evidence. There is a reasonable probability that they would change the outcome. Because the Appeals Council improperly declined to consider them, the Court must remand the case to allow the Appeals Council the first opportunity to evaluate the ALJ's decision in light of the complete record. *See Chambers*, 389 F.3d at 1143; *Threet*, 353 F.3d at 1191.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and/or Remand [Doc. 21] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion. *See* § 405(g) (sentence four).

**IT IS SO ORDERED.**

_____
STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent